UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Susan Mary Nevitt

**Case Number:** 04-12346

## Document Information

**Description:** Memorandum Opinion re: [81-1] Motion To Take Judicial Notice by David Derringer, [75-1] Motion For Extreme Sanctions to be imposed on Chapels and Attorney Joseph Manges by David Derringer, [74-1] Motion For Order to Show Cause why the Chapels and Joseph Manges should not be held in contempt of Court

**Received on:** 2004-10-04 08:32:06.000

**Date Filed:** 2004-10-04 00:00:00.000

**Date Entered On Docket:** 2004-10-04 00:00:00.000

## Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
SUSAN MARY NEVITT,
    Debtor.                                   NO. 7-04-12346 SA

**MEMORANDUM OPINION ON PENDING MOTIONS**
**FILED BY DAVID DERRINGER**

In this bankruptcy case Debtor received her discharge (Doc. 62, July 7, 2004) and the Chapter 7 Trustee filed a Report of No Distribution and Notice of Abandonment of Assets (Doc. 79, August 31, 2004). The case is therefore ready to close. However, the docket reflects several motions filed by David Derringer that the Court will address before closing the case.

Before turning to the Motions, the Court will point out relevant facts gleaned from the various pleadings and hearings in this case. Debtor filed her voluntary Chapter 7 petition on March 31, 2004 (Doc. 1). Debtor's Schedule A states that she owns no real property. Debtor's Schedule B lists as an asset "Claim for Fraudulent Transfer 40 Acres" with a value of $500,000. Debtor did not claim the fraudulent transfer asset as exempt. The Chapels are listed as secured creditors on Schedule D in the amount of $158,000, holding a judgment lien against the claim for fraudulent transfer. Her Schedule H lists David Derringer as a codebtor on most, if not all, her debts, including the debt to the Chapels. Schedule I states

her marital status as "single." The Statement of Financial Affairs, question 10, lists the transfer of a ranch worth $500,000 to David Derringer, "ex-husband", on September 12, 2003. With her petition Debtor filed her Statement Pursuant to NM LBR 1002-1 Certifying that Individual Debtor has no Spouse (Doc. 3).

On April 23, 2004, the Chapels filed a Motion for Relief from Automatic Stay (Doc. 12) in order to pursue foreclosure of their judgment lien on the ranch, which had been deeded to David Derringer. By agreement of the parties the final hearing on the Stay Motion was continued to a date to be determined after October 8, 2004. The Court never had to rule on modification or applicability of the stay since Debtor received her discharge on July 7, 2004 and the Chapter 7 Trustee filed her Report of No Distribution and Abandonment of Assets on August 31, 2004.

Next, the Court will explain several legal concepts about bankruptcy that Mr. Derringer may be unaware of. First, a discharge of a debtor affects only that debtor's personal liability on the debt; the discharge does not extinguish the debt or affect the creditor's rights to pursue any other party

that is liable on the debt or to pursue any collateral supporting the debt[1].

> While section 524(a) thus affords broad benefits to the debtor, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). Obviously, it is the debtor, who has invoked and submitted to the bankruptcy process, that is entitled to its protections; Congress did not intend to extend such benefits to third-party bystanders. See 3 Collier on Bankruptcy par. 524.01[3] at 524-16 (1st ed. 1990)(citing S.Rep. No. 989, 95th Cong., 2d Sess, 80-81, reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5866-67); see also In re Bracy, 449 F.Supp. 70, 71 (D. Mont. 1978)("it is the policy of the law to discharge the bankrupt but not to release from liability those who are liable with him"). "What is important to keep in mind is that a discharge in bankruptcy does not extinguish the debt itself but merely releases the debtor from personal liability... The debt still exists, however, and can be collected from any other entity that may be liable." In re Lembke, 93 B.R. 701, 702 (Bankr. D. N.D. 1988). The courts have reconfirmed this basic principle in case after case permitting creditors whose claims have been discharged vis-a-vis the bankrupt to recover on the same claims from third parties in a variety of settings.

Landsing Diversified Properties-II v. First Nat'l Bank and Trust Co. of Tulsa (In re Western Real Estate Fund, Inc.), 922 F.2d 592, 600-01 (10th Cir. 1990)(footnote omitted). See also

---

[1] 11 U.S.C. § 524(e) provides: "Except as provided in subsection (a)(3) of this section [regarding reaffirmation agreements], discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

Page -3-

Case 04-12346-s7    Doc 83    Filed 10/04/04    Entered 10/04/04 13:06:00 Page 4 of 17

Johnson v. Home State Bank, 501 U.S. 78, 83 (1991)("[A] discharge extinguishes only "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Codifying the rule of Long v. Bullard, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.")(Emphasis in original); Houston v. Edgeworth (In re Edgeworth), 993 F.2d 51, 53 (5th Cir. 1993)("A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. Section 524(e) specifies that the debt still exists and can be collected from any other entity that might be liable.")(footnote omitted.) In other words, Ms. Nevitt's discharge does not discharge Mr. Derringer's liability to the Chapels and does not prevent the Chapels from pursuing Mr. Derringer or the real estate that is subject to their judgment lien.

Second, the ranch property was not property of the estate. Property of the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Ms. Nevitt transferred the ranch to Mr. Derringer on September 12, 2003.

She no longer had an interest in the ranch on the date of her bankruptcy, so it did not become estate property[2].

Third, the automatic stay of 11 U.S.C. § 362 protects only the debtor, debtor's property and the property of the estate[3]. The automatic stay does not stay proceedings against codebtors. Otoe County Nat'l Bank v. W & P Trucking, Inc., 754 F.2d 881, 883 (10th Cir. 1985). Nor does it stay lien

---

[2] However, if the Trustee recovered the ranch as a fraudulent transfer, see 11 U.S.C. §§ 548 and 550, it would then become estate property. See 11 U.S.C. § 541(a)(3). The Trustee has decided not to pursue any such action, as evidenced by her No Distribution Report.

[3] 11 U.S.C. § 362 provides that a bankruptcy petition operates as a stay of:
> "(1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor [for a prepetition claim]...;
> (2) the enforcement, against the debtor or against property of the estate, of a [prepetition] judgment ...;
> (3) any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any [prepetition] lien ...
> (6) any act to collect, assess, or recover a [prepetition] claim against the debtor ...;
> (7) the setoff of any debt owing to the debtor ...; and
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

(Emphasis added.)

Case 04-12346-s7    Doc 83    Filed 10/04/04    Entered 10/04/04 13:06:00 Page 6 of 17

enforcement actions against non-estate property.  In re Monroe Well Service, Inc., 67 B.R. 746, 750 (Bankr. E.D. Pa. 1986). Therefore, neither Mr. Derringer or his property were protected by the automatic stay in Ms. Nevitt's bankruptcy[4].

Finally, the bankruptcy court is a court of limited jurisdiction and empowered to hear only those cases authorized and defined in the Constitution and entrusted to them by Congress.  Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994).  Parties cannot waive lack of subject matter jurisdiction.  Id.  Federal courts are obligated to examine their own jurisdiction, and subject matter jurisdiction can be raised at any time, by a party or by the court sua sponte.  May v. Missouri Department of Revenue (In re May), 251 B.R. 714, 719 (8th Cir. B.A.P. 2000).

Bankruptcy Court jurisdiction is established by 28 U.S.C. § 1334, which lists four types of matters over which the district court has bankruptcy jurisdiction: 1) cases "under" title 11 (which are the bankruptcy cases themselves, initiated by the filing of a Chapter 7, Chapter 11, etc. petition), 2) proceedings "arising under" title 11, 3) proceedings "arising

---

[4] In any event, there is no longer an automatic stay in the case because the discharge entered and the Chapter 7 trustee filed a Report of No Distribution and Abandonment of Assets.  See 11 U.S.C. § 362(c).

Page -6-

in" a case under title 11, and 4) proceedings "related to" a case under title 11. Wood v. Wood (In re Wood), 825 F.2d 90, 92 (5th Cir. 1987). In the District of New Mexico, all four types have been referred to the bankruptcy court. See 28 U.S.C. § 157(a); Administrative Order, Misc. No. 84-0324 (D. N.M. March 19, 1992). Jurisdiction is then further broken down by 28 U.S.C. § 157, which grants full judicial power to bankruptcy courts over "core" proceedings, but only limited judicial power over "related" or "non-core" proceedings. Wood, 825 F.2d at 91; Personette v. Kennedy (In re Midgard Corporation), 204 B.R. 764, 771 (10th Cir. B.A.P. 1997).

"Core" proceedings are matters "arising under" and "arising in" cases under title 11. Wood, 825 F.2d at 96; Midgard, 204 B.R. at 771. Matters "arise under" title 11 if they involve a cause of action created or determined by a statutory provision of title 11. Wood, 825 F.2d at 96; Midgard, 204 B.R. at 771. Matters "arise in" a bankruptcy if they concern the admini-stration of the bankruptcy case and have no existence outside of the bankruptcy. Wood, 825 F.2d at 97; Midgard, 204 B.R. at 771.

"Non-core" proceedings are those that do not depend on the bankruptcy laws for their existence and that could proceed in another court even in the absence of bankruptcy. Wood, 825

F.2d at 96; <u>Midgard</u>, 204 B.R. at 771.  Bankruptcy courts have jurisdiction over non-core proceedings if they are at least "related to" a case under title 11.  28 U.S.C. § 157(c)(1)("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.")  Therefore, unless a matter is at least "related to" a bankruptcy case, the bankruptcy court lacks jurisdiction.

> "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3rd Cir. 1984)(emphasis omitted.)  Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the estate.  <u>Id.</u> ...
>
> [T]he bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy.  <u>In re Shirley Duke Assocs.</u>, 611 F.2d 15, 18 (2nd Cir. 1979).

<u>Gardner v. United States (In re Gardner)</u>, 913 F.2d 1515, 1518 (10th Cir. 1990).

The subject matter of most of the pending Derringer motions seek protection for Mr. Derringer and the ranch from the continuing collection actions by the Chapels.  Because Mr. Derringer is not the debtor and the ranch is not property of

Case 04-12346-s7    Doc 83    Filed 10/04/04    Entered 10/04/04 13:06:00 Page 9 of 17

the estate, the bankruptcy court lacks jurisdiction to award the relief requested.

The Court now turns to the individual pending motions:

1.  **Property Owner/Creditor/Intervenor David Derringer's Motion for Order to Cease and Desist Against Mick Chapel, Jennifer Chapel, Joseph Manges and Sheriff Snyder, and Motion for Order for FBI Investigation of the Criminal Perjury and Fraud of Mick and Jennifer Chapel and Joseph Manges Pursuant to Title 18 U.S.C. Section 1621 (docs. 7 & 8)**

In this Motion Mr. Derringer seeks an order directing the listed parties to stop violating the automatic stay, in that they are taking actions regarding the ranch property. He also seeks an FBI investigation because the Chapels and their attorney are attempting to use the bankruptcy process to illegally take his property. The Court finds that 1) Mr. Derringer is not a person protected by the automatic stay in this case, 2) the ranch is not a property protected by the automatic stay in this case, and 3) the Chapels and their attorney have not taken any actions in violation of the bankruptcy code by attempting to collect their debt through the bankruptcy process. If Mr. Derringer has a problem with the validity of the Chapel claim, that is a matter to address in the state court. The Bankruptcy Court does not have jurisdiction over disputes between third parties to the bankruptcy. This motion will be denied.

2.  **Property Owner/Creditor/Intervenor David Derringer's Emergency Motion for Order for Compliance of Creditor Chapels to the Provisions of Discovery under Rules 26, 30, 31, 33 and 34, and Emergency Motion for Stay Against the Nevitt/Derringer Real Property Pending Outcome of Federal Suits Civ-02-0974, Civ-02-1075, Civ-03-0090, Civ-03-0149 and Civ-03-0804 in Current Litigation (docs. 9 & 10)**

In this motion, Mr. Derringer seeks an Order directing the Chapels to engage in discovery regarding their motives and claims to the ranch. He also seeks protection of the automatic stay. First, Mr. Derringer is not a party to the Motion for Relief from Automatic Stay – that is a dispute between the Debtor, the Chapter 7 Trustee, and the Chapels as movants. There is no basis for the Court to award discovery to a non-party. See Fed. Bankr. R. 7026(b)(1) (Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...)(Emphasis added.)

Mr. Derringer's entitlement to protection of the automatic stay is discussed above. This motion will be denied.

3.  **Motions for Continuance of Final Hearing on the Motion for Relief from Automatic Stay (docs. 43 & 45)**

These motions are moot and should be denied. The parties settled the final stay matter by agreeing to continue the automatic stay through October 8, 2004. Since then, the

automatic stay has expired by operation of law. This motion will be denied.

4. **Motion to Take Judicial Notice (doc. 49)**

In this Motion, Mr. Derringer asks that the Court take judicial notice of his appraisal, to take note that it shows the ranch is worth "an extreme amount more" than the Chapels' claim. Fed.R. Evid. 201(b) discusses the types of matters of which the Court can take judicial notice:

> **Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

An appraisal is not the type of fact that can be judicially noticed. The only proper way to get an appraisal into evidence is either through a stipulation of the parties, or through testimony of the appraiser subject to cross-examination by opposing parties. This motion will be denied.

5. **Motion to Take Judicial Notice (doc. 63)**

Although captioned as a Motion to Take Judicial Notice, in this motion, Mr. Derringer seeks an FBI investigation of the Chapels and their attorney for attempting to sabotage a sale of the ranch, and their attorney's disbarment for presenting an "unsigned" order to the realtor. First, the

Case 04-12346-s7   Doc 83   Filed 10/04/04   Entered 10/04/04 13:06:00 Page 12 of 17

Bankruptcy Court lacks jurisdiction over any actions attempted by the Chapels or their attorney to sabotage a sale.  This is a dispute between third parties to the bankruptcy over non-bankruptcy-estate property.  Second, there is nothing inherently wrong with showing an unsigned, proposed, order to anyone.  Furthermore, no realtor or title company would accept an unsigned order.  There would only be a problem if someone presented an order signed by forgery.  This motion will be denied.

6.  **Motion to Take Judicial Notice (doc. 64)**

In this motion, Mr. Derringer asks the Court to take judicial notice that the Chapels are interfering with his attempts to sell the ranch.  He also seeks a declaration that because the ranch is his sole property it was not included in the bankruptcy estate; that the Chapel claim was listed in the bankruptcy and that Debtor received her discharge; and that, therefore, he is no longer liable for the debt and the Chapel lien should be removed from his property.  As explained above, the Court cannot take judicial notice of Mr. Derringer's exhibits that purport to demonstrate interference with his attempts to sell the ranch.  The only way those documents would come into evidence is through stipulation or trial.  With regard to his theory of bankruptcy discharge, that is

simply not the law.  See discussion at pages 3-4, above.  This motion will be denied.

7. **Motion to Discharge Chapels Claims in No. 7-04-12346-SA and Not Consider the Derringer Property in the Bankruptcy of Susan Nevitt (doc. 67)**

In this motion, Mr. Derringer again advances his legal theory that Susan Nevitt's discharge eliminated the Chapel's claims against him and his property.  This is simply not the law.  This motion will be denied.

8. **David Derringer's Motion for Order to Show Cause and for Extreme Sanctions to be Imposed on Chapels and Attorney Joseph Manges (docs. 74 & 75)**

In this motion, Mr. Derringer seeks to hold the Chapels and their attorney in contempt for filing a notice of sale that allegedly violated a bankruptcy court stay order and a Court of Appeals stay order.  First, even if there had been a violation of the stay Mr. Derringer is not a party protected by the stay and has no standing to file for sanctions.  Second, the Bankruptcy Court does not have jurisdiction over the dispute between Mr. Derringer and the Chapels, both third-parties to the bankruptcy and concerning non-estate property.  Third, Mr. Derringer has claimed no damages resulting from the alleged violation.  Fourth, if the Chapels or their attorney violated a Court of Appeals order, that would be the proper venue to complain.  Finally, the property has not yet been

sold and any protection afforded by the automatic stay (which the Court doubts existed) automatically expired.  This motion will be denied[5].

9. **David Derringer's Motion to Take Judicial Notice (doc. 81)**

Although captioned as a Motion to Take Judicial Notice, in this motion, Mr. Derringer only informs the Court that the Chapels are attempting to confuse the state courts by misrepresenting the status of the bankruptcy.  It is substantially a rehash of the Motion for Order to Show Cause

---

[5] On September 20, 2004, Mr. Derringer filed a Notice of Default of any Response from Creditors Chapel to Derringer's Motion for Order to Show Cause and Derringer's Request for Court Order.  He seeks entry of a proposed order that, among other things, imposes fines of $18,000 each on Mick Chapel, Jennifer Chapel and their attorney, awards $180,000 in punitive damages and orders the United States Marshall to arrest Mick Chapel, Jennifer Chapel and their attorney and incarcerate them for a period of not less than 18 months. First, the requested relief was not requested in the motion. Second, although a defendant may be in default, that does not automatically entitle a plaintiff to a default judgment. See, e.g., Riehm v. Park (In re Park) 272 B.R. 323, 328-29 (Bankr. D. N.J. 2001)("The court must consider whether the plaintiff's allegations are sufficient to state a claim for relief.  If the plaintiff's claim lacks merit and is unsupported by the law, the court may deny a motion for default judgment despite the technical default.")(quoting In re Wall, 127 B.R. 353, 355 (Bankr. E.D. Va. 1991)).  See also Miller v. Kasden (In re Kasden), 209 B.R. 236, 238 (8th Cir. BAP 1997)("[A] default judgment may not be entered on a complaint that fails to support the claim for relief.") As discussed in the text, Mr. Derringer lacks standing, has failed to state a claim, and is requesting relief outside of this court's jurisdiction.

(docs. 74 & 75). As stated above, the Bankruptcy Court lacks jurisdiction over the Derringer-Chapel dispute. This motion will be denied.

**Conclusion**

The Court will enter orders denying the above motions. The Clerk will also be directed to close this case as fully administered.

*[signature]*

Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on October 4, 2004, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Joseph E Manges
PO Box 669
Santa Fe, NM 87504-0669

Linda S Bloom
PO Box 218
Albuquerque, NM 87103-0218

Ronald E Holmes
2325 San Pedro NE Ste 2I
Albuquerque, NM 87110-4121

David Brian Derringer
Box 157
Quemado, NM 87829

Susan Mary Nevitt
PO Box 129
Veguita, NM 87062

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

*James E. Burke*